CASE 27—PETITION EQUITY—JUNE 15.

# Jackson vs. Speed.

APPEAL FROM NELSON CIRCUIT COURT.

1. In an action against a non-resident to enforce a lien on land for the purchase money, the plaintiff alleged that the first installment had been paid, and filed a deed (which had never been delivered) reciting such payment. In an amended petition it was alleged that the acknowledgment of payment in the original petition was a mistake, and that no part of the first installment had been paid. *Held*— That the allegations of the amended petition did not overcome the recital in the deed and the admission made in the original petition.

2. Where, in a written contract for the sale of land, it was stipulated that the first installment of the price was to be paid the 1st of April, 1861, the title to be conveyed on the receipt of the first installment, the payment and conveyance were concurrent acts, and the vendor could not coerce payment by suit without tendering a deed.

3. In an action exclusively *in rem* against a non-resident, a decree *in personam* is erroneous.

4. Where, in action against a non-resident to enforce a lien on land for the purchase money, there is a judgment, and a sale under it, the defendant may, within five years, appear and open the judgment, and may elect a vacation of the sale if he should succeed in even modifying the judgment, or he may obtain the same relief by appeal. ( *Civ. Code, sec.* 445.)

JOHNSON & HARDIN, for appellant, cited *Civ. Code, secs.* 88, 89, 440, 611, 439, 253, 405; *Rev. Stat., ch.* 24, *secs.* 14, 23; 9 *Dana,* 217; 9 *B. Mon.,* 549; 14 *B. Mon.,* 520, 270; 1 *Duvall,* 348; 4 *Dana,* 98.

HARLAN & HARLAN, on same side, cited *Civ. Code, secs.* 222, 251, 439.

A. DUVALL, for appellee, cited *Civ. Code, secs.* 149, 89; 2 *Met.*, 278; 16 *B. Mon.*, 361; 1 *Met.*, 651; 3 *Met.*, 516.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

In November, 1860, Dr. John G. Jackson, by executory contract in writing, bought from Thomas S. Speed a tract of land near Bardstown, Kentucky, at the price of $70 an acre, payable in two equal installments—the first April 1st, 1861, and the last April 1st, 1862, with interest on the latter from the 1st of April, 1861—and the legal title to be conveyed on the receipt of the first installment.

On the 1st of April, 1861, *Speed* signed a conveyance, acknowledging the payment of the first installment, and retaining a lien for securing the last. And although that deed was never delivered or acknowledged, *Speed*, on the 2d of July, 1862, filed a petition in equity for enforcing the asserted lien for the last installment, except $850, admitted as paid thereon in May, 1861. And, about seven months afterwards, no summons having in the meantime been executed, an amended petition was filed, alleging that Jackson had become and then was a non-resident of Kentucky, and that no portion of the entire consideration, except the said $850, had ever been paid, and charging that the recital and acknowledgment of the payment, also, of the first installment, was a mistake by the counsel who drew the original petition. The amendment was not legally verified, except, perhaps, as to the alleged non-residence; but, on the filing of it, the court directed a warning order, which was accordingly entered. Without either appearance or any other service, actual or constructive, the court, at a subsequent term, decreed that the plaintiff " *recover* " of the defendant the whole consideration, with a credit only of $850, and directed the sale of the land, or as much as necessary for satisfying the decree. The commissioner having afterwards reported the sale to Speed himself of the entire tract for $40 an acre, the court confirmed the report, and appointed a commissioner to " *convey* to the purchaser." The commissioner reported a deed, acknowledged by him as from Jackson to Speed, which the court approved; and ordered to be certified to the county court for record.

Jackson, as appellant, now, for the first time, appears and seeks a reversal of the decree.

In revising the decree, we deem it unnecessary to consider the doubtful question whether, for want of a proper affidavit on the amended petition, the warning order was unauthorized; and there being, therefore, no constructive service, the decree was void; nor the difficult question whether the general traverse required extraneous proof of non-residence or of the memorial of the contract. For, on less disputable grounds, the decree may be adjudged erroneous, and the sale may be set aside. The following reasons are considered sufficient for both ends:

1. The recital in the deed exhibited in the original petition, and the corroborating admission of the payment of the first installment, are not overcome by the simple allegation in the amended petition of mistake, denied by the traverse; and it could not be taken as confessed without an allegation that it could not be established otherwise than by the appellant himself. Apparently, therefore, the decree is grossly excessive in amount.

2. The payment of the first installment, and the conveyance of a perfect legal title, being, according to the contract, concurrent acts, that payment could not be coerced by suit without the tender of a proper deed conveying such a title. The deed exhibited, purporting to be signed by the appellee and his wife, has not been acknowledged for record by either of them; nor is there either proof or even allegation of their title. The decree would, therefore, seem to have been premature and unauthorized.

3. The legal title, whatever it may have been, was never in the appellant, but remained in the appellee. It was, therefore, not only idle and improvident to approve and direct to be recorded the conveyance by the commissioner of the title from the appellant to the appellee, but that deed, though not itself exhibited, being one of general warrantee, as may be presumed from the description of it in the record, might unjustly embarrass the appellant and jeopard his rights.

4. The proceeding being exclusively *in rem*, a decree in *personam* was erroneous. And the language of the decree allows no other interpretation than that the judgment for the balance not paid by the sale of the land is so far personal as to authorize an execution contingently.

But although for these errors the decree will be reversed, yet, if the purchase by the vendor who obtained it was made in perfect good faith, and the appellant had been before the court by actual service, the reversal for mere error would not, *ipso facto*, set aside the sale. In such a case the creditor, believing that his judgment is just and irreversable, has as much right to purchase and hold as a stranger would have. But, in this case, there is cause to infer that the appellee bought with presumed knowledge that his decree was wrong and unjust. Moreover, however this, in fact, might be, the non-residence of the appellant, and his probable ignorance of the pendency of the suit, entitled him to appear and open the decree within five years after its date, and to elect a vacation of the sale if he should succeed in even modifying the decree. (*Sec.* 445, *Code of Practice.*) And, having chosen the alternative remedy by appeal, the spirit of that provident enactment for securing non-residents against injustice from service merely constructive, entitles him, in our opinion, to the same relief by the discretionary judgment of this court. And, holding the title of the land, the appellee will have no reasonable cause to complain that, in losing an enormous speculation, his debt is rendered more insecure by setting aside the sale before a final decision on the true merits of his case on full litigation hereafter.

Had he appeared in the circuit court to open the decree instead of first appearing here to reverse it, that court might justly have opened the biddings at once, as it ought to have done had he appeared there only a moment before the confirmation of the sale, and resisted the confirmation. And our decision, as just indicated, will be, in principle and effect, substantially the same relief. The circuity and delay of a remission of judicial discretion to that court may be avoided by deciding that matter while the case is now before us, and

thus avoiding all uncertainty and any further litigation, here or elsewhere, respecting the apparently unjust and sacrificing purchase by the *ex parte* creditor, who may then right himself and stand *rectus in curiâ*, without danger of ultimate loss to either party.

Wherefore, the judgment is reversed, the sale and the commissioner's deed set aside, and the cause remanded for further proceedings—the appellant's appearance here being, as it should be, treated as an appearance there on the return of the case for further pleading and trial.